

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2006

# USA v. Medina

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4654

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Medina" (2006). *2006 Decisions.* Paper 1286.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1286

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-4654, 04-4679, 04-4774, 05-1015
_____

UNITED STATES OF AMERICA; GOVERNMENT
OF THE VIRGIN ISLANDS

vs.

NORMA MEDINA[1],

Appellant at No. 04-4654
_____

UNITED STATES OF AMERICA; GOVERNMENT
OF THE VIRGIN ISLANDS

vs.

LEONARDO RODRIQUEZ

Appellant at No. 04-4679
_____

UNITED STATES OF AMERICA; GOVERNMENT
OF THE VIRGIN ISLANDS

vs.

ORLANDO MELENDEZ

Appellant at No. 04-4774
_____

---

[1.] Appellant Norma Medina died on January 7, 2006.

UNITED STATES OF AMERICA; GOVERNMENT
OF THE VIRGIN ISLANDS

vs.

JOSE RODRIGUEZ

Appellant at No. 05-1015
_____


APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS

(D.C. Nos. 02-cr-00011-12, 02-cr-00011-19,
02-cr-00011-21, 02-cr-00011-18)
Chief District Judge:  The Honorable Raymond L. Finch
_____


ARGUED DECEMBER 6, 2005

BEFORE: SCIRICA, Chief Judge,
McKee and Nygaard, Circuit Judges.

(Filed April 10, 2006)
_____

Warren B. Cole, Esq. (Argued)
Hunter, Cole & Bennett
1138 King Street, Suite 301
Christiansted, St. Croix, USVI, 00820
        Counsel for Appellant, Norma Medina

Maxwell D. McIntosh, Esq.
1009 North Street
Christiansted, St. Croix, USVI 00820
        Counsel for Appellant, Leonardo Rodriquez

2

Chetema M. Lucas, Esq. (Argued)
Law Offices of Douglas L. Capdeville
2107 Company Street, Lot #4
P. O. Box 224191
Christiansted, St. Croix, USVI 00822
          Counsel for Appellant, Orlando Melendez

Vincent A. Colianni, II, Esq.
Elizabeth A. Kliesch, Esq. (Argued)
Colianni & Colianni
1138 King Street
Christiansted, St. Croix, USVI 00820
          Counsel for Appellant Jose Rodriguez


Bruce Z. Marshack, Esq.
Delia Smith, Esq. (Argued)
Office of United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix, USVI 00820
          Counsel for Appellee

_____

OPINION OF THE COURT
_____


NYGAARD, <u>Circuit</u> <u>Judge</u>.

**I.**

Appellants were tried on charges of participating in a wide-ranging drug conspiracy. At a lunch break in the trial, a government witness, Francisco Rameau, refused to continue to his testimony. According to Government counsel, Rameau was crying and, as alleged by Government counsel, in no condition to continue. However, Rameau did not personally attest to this. Government counsel simply walked into the

3

courtroom and told the District Judge about Rameau's position and stated that as a consequence, they could not continue prosecuting the conspiracy counts. Defense counsel moved to strike all of Rameau's testimony and relevant portions of a video shown to the jury, and to have the District Judge instruct the jury to disregard it. Defense counsel specifically stated that they did not want a mistrial. Although it is apparent that Government counsel wanted a mistrial declared, he did not affirmatively move for one.

The District Court made no effort to determine if Rameau could be recalled to the stand and questioned by the Government as a hostile witness, nor did the Court subpoena him or otherwise try to compel him to testify. The Court also made no effort to determine if Rameau could be effectively cross examined despite his refusal to cooperate with the prosecution. The Judge simply stated that since Rameau's testimony was vivid, clear and graphic, the jury would probably allow his testimony to affect their deliberation on the substantive counts, and therefore, a curative instruction would be ineffective. The District Judge declared a mistrial, *sua sponte*, as to all four Appellants because he believed that jury prejudice could not be cured by an appropriate instruction.

After the case was calendared for retrial, Appellants filed a motion to dismiss the indictment on Fifth Amendment double jeopardy grounds. The District Judge denied the Defendants' motion. Defendants appeal this judgment.[2]

---

[2] All four Appellants were tried together, their briefs raise substantially the same issues and their appeals are consolidated. In summary, Appellants challenge the District Judge's *sua sponte* declaration of a mistrial, their subsequent reprosecution and the denial of their

(continued...)

4

A denial of a motion to dismiss based upon double jeopardy is a final decision immediately appealable under *Abney v. United States*, 431 U.S. 651, 662; 97 S. Ct. 2034, 2041; 52 L. Ed.2d 651, 662 (1977). We have jurisdiction pursuant to 28 U.S.C. § 1291. We will reverse.

## II.

## A.

Whether the declaration of a mistrial is mandated by "manifest necessity" is a mixed question of law and fact which we review *de novo*. *United States ex rel. Russo v. Superior Court of New Jersey*, 483 F.2d 7, 15 (3d Cir. 1973). Although the trial judge has wide discretion in deciding what factual situations merit the grant of a mistrial, "trial judges may declare a mistrial without barring reprosecution only in extraordinary circumstances." *Id.* at 13. "'Manifest necessity' must be present . . . for a trial judge to declare a mistrial and still preserve for the state the right to prosecute a defendant." *Id*. Because placing a defendant in double jeopardy is prohibited by the Constitution, a close question of whether manifest necessity exists should be answered in favor of the defendant who has the strong interest of having his case resolved in a single proceeding.

---

[2.](...continued)
motions to dismiss.

*Id.* at 17. When a trial court declares a mistrial, *sua sponte*, retrial at a later date for the same offense is not automatically barred. However, when the basis for the District Court's grant of a mistrial is the unavailability of a prosecution witness, "'the strictest scrutiny is appropriate.'" *United States v. Rivera*, 384 F.3d 49, 56 (3d Cir. 2004) (citing *Arizona v. Washington*, 434 U.S. 497, 508; 98 S. Ct. 824, 832; 54 L. Ed.2d 717, 730 (1978)); *Crawford v. Fenton*, 646 F.2d 810, 816-817 (3d Cir. 1981).

What conditions constitute "manifest necessity" is not a mechanical inquiry. The determination must be based on the particular facts and circumstances of the case giving rise to the declaration of a mistrial. *Crawford,* 646 F.2d at 817. "The District Court . . . must take great care to ensure that there are *no available alternatives* before declaring a mistrial" when it is due to the absence of a prosecution witness. *Rivera,* 384 F.3d at 57 (emphasis added); *see also Wade v. Hunter,* 336 U.S. 684; 69 S. Ct. 834; 93 L. Ed. 974 (1949) (mistrial was appropriately declared during a World War II-era court martial when a witness became seriously ill and the proceedings would have to relocate due to hostile advancing forces).

Declaring a mistrial is a drastic legal measure. Because the defendant has a right to have the case decided against him at one time in front of one tribunal, and the public has an interest in seeing a criminal prosecution proceed to verdict, mistrials are

disfavored.  *See Wade,* 336 U.S. at 689, 69 S. Ct. at 837; *Rivera*, 384 F.3d at 55.  Perhaps most critical to this case, a mistrial should not be declared without the District Judge giving "prudent consideration of reasonable alternatives" as well as the constitutional importance and implications of his decision.  *See Rivera* 384 F.3d at 56; *Washington*, 434 U.S. at 514, 98 S. Ct. at 834-35.  Federal Rule of Criminal Procedure 26.3 requires that "before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives."

In this case, the District Judge failed to consider the implications of declaring a mistrial.  Once he was made aware of Rameau's alleged refusal to continue to testify for the prosecution, he failed to examine the witness personally, or allow defense counsel to examine him.  Morever, he only briefly considered two possibilities:  (1) strike Rameau's testimony and proceed with the trial; or (2) declare a mistrial.  Little time was spent considering either – or any other – alternatives, and no factual record was established upon which the finding of manifest necessity could be based.[3]

---

[3.]In fact, toward the close of the proceedings, upon defense counsel's request to address the court and for the District Judge to consider "some other things," the District Judge stated, "No.  I'm done.  I'm not changing my mind."  (App. at 42).

7

This is not a situation where "critical prosecution evidence" was unavailable. *See Washington*, 434 U.S. at 508, 98 S. Ct. at 832. Rameau was not unavailable in the sense that he was seriously ill, incompetent or physically outside the court's jurisdictional bounds. Government counsel simply said that he was "not willing to testify any further in this matter," and that he was "crying and fairly distraught" about having to testify about what went on in the conspiracy. The District Judge could have considered a number of reasonable alternatives: placing Rameau under subpoena and forcing him to take the stand or face the punishment of contempt; having the Government continue to examine him as a hostile witness; or – perhaps most obviously – granting a recess to allow Rameau to compose himself and reconsider his position, to name a few.[4] However, he failed to consider these options and failed to make any factual record showing that these or other options were unavailing. Instead he simply opined that the situation could not be cured

_____

[4] Consideration of these reasonable alternatives helps a district court make an informed decision and also assists the reviewing court in deciding if manifest necessity warranted the grant of a mistrial. Examination of a witness who refuses to testify under such circumstances could reveal, for example, if the witness was coerced or threatened. *See United States v. Stevens*, 177 F.3d 579, 588 (6th Cir. 1999) ("[W]e leave open the possibility of permitting retrial in a case . . . where the district court expressly found a 'distinct possibility' that the defendant had threatened the witness."); *United States v. Mastrangelo*, 662 F.2d 946, 952 (2d Cir. 1981) ("[T]he test must be simply whether at the time the trial judge is faced with the question he reasonably concludes that there is a distinct possibility that the defendant participated in making the witness unavailable, at least where, as here, the Government is totally without fault . . . .").

8

by an appropriate jury instruction. This record refutes the conclusion that a mistrial was manifestly necessary.

We conclude that the District Judge failed to "carefully consider alternatives available to [him.]" *Rivera,* 384 F.3d at 56.  "Where a district court *sua sponte* declares a mistrial in haste, without carefully considering alternatives available to it, it cannot be said to be acting under manifest necessity."  *See id.* (citing *Love v. Morton*, 112 F.3d 131, 134-35 (3d Cir. 1997)).  Because the mistrial was not manifestly necessary, it was improper.

## B.

The Double Jeopardy Clause of the Fifth Amendment prohibits "any person be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Jeopardy attaches in a criminal case when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 35-38; 98 S. Ct. 2156, 2160-63; 57 L. Ed.2d 24, 31-34 (1978). A defendant has an individual right "to have his trial completed by a particular tribunal." *Wade*, 336 U.S. at 689, 69 S. Ct. at 837.  Hence, a defendant may not be reprosecuted after the first  trial ended with an improperly declared mistrial because it  "is barred by the Double Jeopardy Clause."  *Rivera*, 384 F.3d at 56

9

Here, the jury was empaneled and sworn on March 1, 2004, and jeopardy attached on that date. *See Crist*, 437 U.S. at 35-38, 98 S. Ct. at 2160-63. The mistrial was declared March 10, 2004, after jeopardy had attached. Because the District Judge improperly declared a mistrial as to all four defendants, retrial on the same offenses with which they were charged in the first trial is barred under the Fifth Amendment's Double Jeopardy Clause.

## III.

The Order of the District Court will be reversed and the cause remanded to the District Court for it to grant the motions to dismiss.